UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 26-30127

TIERA JONES,                    )
                    Plaintiff,  )
                                )
V.                              )        **COMPLAINT AND JURY DEMAND**
                                )
CITY OF SPRINGFIELD,            )
TAMARA BETANCOURT,              )
JAVIER CALADERON,               )
JACK CARRIERE,                  )
RASHAD EVANS,                   )
TASHA FLORES,                   )
ELIZABETH ORTIZ,                )
JOSE PERALES,                   )
DANIEL LEON-RESTO,      and     )
NOEL SOTO,                      )
                    Defendants. )
                                )

## PARTIES

1.      The Plaintiff is a citizen of Connecticut.

2.      The Defendant, CITY OF SPRINGFIELD, is a municipality of Massachusetts, located in Hampden County.

3.      The Defendant, TAMARA BETANCOURT, is a police officer employed by the Springfield Police Department ("SPD"), a department of the Defendant City of Springfield, and is sued in both individual and official capacities.

4.      The Defendant, JAVIER CALADERON, is a police officer employed by the SPD and is sued in both individual and official capacities.

1

5. The Defendant, JACK CARRIERE, is a police officer employed by the SPD and is sued in both individual and official capacities.

6. The Defendant, RASHAD EVANS, is a police officer employed by the SPD and is sued in both individual and official capacities.

7. The Defendant, TASHA FLORES, is a police officer employed by the SPD and is sued in both individual and official capacities.

8. The Defendant, ELIZABETH ORTIZ, is a police officer employed by the SPD and is sued in both individual and official capacities.

9. The Defendant, JOSE PERALES, is a police officer employed by the SPD and is sued in both individual and official capacities.

10. The Defendant, DANIEL LEON-RESTO, is a police officer employed by the SPD and is sued in both individual and official capacities.

11. The Defendant, NOEL SOTO, is a police officer employed by the SPD and is sued in both individual and official capacities.

## **JURISDICTION**

12. All the actions described in this Complaint took place in the City of Springfield, in Hampden County, Massachusetts.

13. This court has original jurisdiction over the federal claims stated herein pursuant to 28 U.S.C. § 1331.

14. This court has original jurisdiction over the Massachusetts state claims state herein pursuant to 28 U.S.C. § 1367.

## **VENUE**

15. This court has venue over this matter pursuant to 28 U.S.C. § 1391(b)(2).

2

**STATEMENT OF FACTS**

16. Ms. Jones ("Plaintiff") was restrained and severely injured by Springfield Police Department employees, Defendants Betancourt, Caladeron, Carriere, Evans, Flores, Leon-Resto, Ortiz, Perales, and Soto ("Defendant Officers"), on or about August 6, 2023.

17. Ms. Jones, a traveling nurse working in Massachusetts, was returning home after her shift when she stopped for gas and fell asleep in her car.

18. She was awakened by EMS workers who had been summoned to the her car by the gas station attendant, who was concerned for her health because she had fallen asleep.

19. Ms. Jones explained that she was returning from a shift as a visiting nurse.

20. The EMS worker did not suspect illicit drug use or alcohol intoxication but had general concerns about her health because she had been difficult to wake up.

21. Defendant Officers arrived and ordered her out of her car.

22. Ms. Jones was alert, oriented, and articulate throughout the encounter.

23. Defendant Officers informed her that she would not be allowed to leave the service station in her car and insisted that she take an ambulance to the nearest hospital.

24. Ms. Jones explained that her insurance would not cover her admission at a Massachusetts hospital and offered to travel to a hospital in

Connecticut, where she has doctors and where non-emergency hospital admissions would be covered by her health insurance.

25.    Defendant Officers repeated that they would not permit her to drive away because they believed that it was not safe for her to drive.

26.    At that time Ms. Jones was wide awake and argued cogently that she could not afford the expense of an ambulance ride or an out-of-state hospitalization, that she was perfectly capable of driving herself to the hospital in Connecticut, and that she wanted to speak with a supervisor about next steps.

27.    She got back in her car and waited.

28.    She posed no threat to herself or to the public or to any officer while sitting in a car and waiting for a supervisor.

29.    The officers were visibly irritated that Ms. Jones was not following their instructions.

30.    Two or three of them grabbed Ms. Jones by the feet and dragged her screaming from her car, feet-first.

31.    Her head hit the car and the pavement.

32.    Then the officers strapped her to a gurney, and she was transported to Holyoke Hospital against her will.

33.    Ms. Jones lost consciousness a few minutes later.

34.    After she regained consciousness and was discharged from Holyoke Hospital, she had difficulty staying awake, lost feeling and grip strength on her left side, and experienced left-side pain, paralysis of her diaphragm, and difficulty speaking and breathing.

4

35.     She was diagnosed with, inter alia, a stage-3 concussion, intraparenchymal hemorrhage, and a brachial plexus injury to the spine.

36.     She was unable to continue working as a visiting nurse and now sleeps with a ventilator.

37.     She is currently undergoing treatment that the doctors hope will ameliorate some of the damage, including the pain and muscle spasms.

38.     Success is uncertain, and at this point it appears that Ms. Jones is permanently disabled.

## CLAIMS OF ACTION

### FIRST CLAIM:
### FEDERAL CIVIL RIGHTS ACT, 42 U.S.C. § 1983
### (DEFENDANT OFFICERS)

39.    The Plaintiff incorporates as if restated here the allegations set forth in all preceding paragraphs.

40.    By the aforesaid conduct, Defendant Officers caused the Plaintiff to be deprived of the following rights, privileges, and/or immunities secured by the Constitution and laws:

41.    The right to be free from unreasonable seizure as guaranteed by the Fourth Amendment to the United States Constitution;

42.    The right to equal protection of the laws as guaranteed by Section One of the Fourteenth Amendment to the United States Constitution; and

43.    The right to free speech as guaranteed in the First Amendment to the United States constitution and Articles Sixteen and Seventy Seven of the Massachusetts Declaration of Rights.


WHEREFORE the Plaintiff demands judgment to be entered against Defendant Officers, jointly and severally, in an amount to be determined by a jury, plus costs and interest as allowed by law.

**SECOND CLAIM:**
**MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. 12, §§ 11H & 11I**
**(DEFENDANT OFFICERS)**

44. The Plaintiff incorporates as if restated here the allegations set forth in all preceding paragraphs.

45. By the above-described conduct, Defendant Officers used physical force, coercion, and intimidation to interfere with the Plaintiff's rights as follows:

46. The right to equal protection of the laws as guaranteed by Section One of the Fourteenth Amendment to the United States Constitution and Articles One, Ten, and 106 of the Massachusetts Declaration of Rights;

47. The right to free speech as guaranteed in the First Amendment to the United States Constitution and Articles Sixteen and Seventy Seven of the Massachusetts Declaration of Rights; and

48. The right to be free from unreasonable seizure as guaranteed in the Fourth Amendment to the United States Constitution and Article Fourteen of the Massachusetts Declaration of Rights.

WHEREFORE the Plaintiff demands judgment to be entered against the Defendant Officers in an amount to be determined by a jury, plus costs and interest as allowed by law.

**THIRD CLAIM:**
**MASSACHUSETST TORT CLAIMS ACT, M.G.L. C. 258 S. 2**
**(DEFENDANT CITY)**

49.    The Plaintiff incorporates as if restated here the allegations set forth in all preceding paragraphs.

50.    The Defendant City, by the above-described conduct, negligently failed to train and/or to supervise Defendant Officers.

51.    The Defendant City is liable for the injury to the Plaintiff that resulted from the above-described negligent or wrongful acts of Defendant Officers.

WHEREFORE the Plaintiff demands judgment to be entered against the Defendant City in an amount to be determined by a jury, plus costs and interest as allowed by law.

8

**SIXTH CLAIM: BATTERY**
**(DEFENDANT OFFICERS)**

52.     The Plaintiff incorporates as if restated here the allegations set forth in all preceding paragraphs.

53.     Defendant Officers, by intentionally applying force to the body of the Plaintiff, in an offensive manner and without her consent, committed the tort of battery against her.

WHEREFORE the Plaintiff demands judgment to be entered against Defendant Officers, jointly and severally, in an amount to be determined by a jury, plus costs and interest as allowed by law.

9

## JURY DEMAND

The Plaintiff demands a trial by jury of all claims so triable.

Respectfully Submitted,
TIERA JONES,
By Counsel
*/s/ Dana Goldblatt*
Dana Goldblatt
BBO #601022
150 Main Street, Suite 28
Northampton, MA 01060
P: 413-570-4136
F: 888-393-0143
E: dana@danagoldblattlaw.com